```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                           CRIMINAL ACTION NO. 2:06-00163

**ANTWONNE WHITE**

## MEMORANDUM OPINION AND ORDER

The defendant filed his Motion to Reconsider Order . . . Denying the Defendant's Motion to Suppress Evidence, on December 10, 2006. At the hearing on the motion, held on January 22, 2007, the parties were given the opportunity to present evidence and did so in the form of a stipulation respecting certain telephone calls and the following government exhibits:

        1 - Records of Officer McDaniel's cell phone
           (filed under seal until the further order of
           the court)

        2 - Records of Yusuf Ali's cell phone in Charleston

        3 - Records of Yusuf Ali's cell phone in Columbus

        4 - Records of Defendant Antwonne White's cell phone

In the motion seeking reconsideration, the defendant argues that the court, in its decision on the motion to suppress by order entered November 1, 2006, relied in part on its finding that the defendant had called Ali on June 29, 2006, and directed

Ali to meet him at the Fruth Pharmacy in order to carry out a drug transaction originally planned to take place at the Family Dollar Store.  It was a drug transaction that Ali had first undertaken to arrange with the defendant, likely less than an hour earlier, when Ali was at or near the end of a statement he was giving to law enforcement authorities.  The memorialization of that statement shows it as having been completed at 7:45 p.m. that same day.  The defendant points out that records for Ali's Charleston cell phone, 304-533-9373, do not reflect a call from the defendant's cell phone.

However, as the government has noted, Ali did receive on his cell phone at 8:00 p.m. a call from a number assigned to a Franklin Shreve.  That call would have been within the range of time referred to by Ali and the court's order.  The government also noted that Ali's cell phone in Charleston received, from the cell phone number of the defendant, being 304-610-3253, three missed calls at 7:57, 8:07 and 8:08 p.m.  The last of these occurred fourteen minutes before the defendant's arrest at 8:22 p.m.  In addition, Ali's cell phone records for his Charleston phone reflect calls to the defendant's cell phone number at 7:39, 7:40, 7:43, 7:58, 8:09, 8:21, 8:23 and 8:24 p.m.

In the court's findings set forth in its order denying the motion to suppress, the court had no occasion to find that the defendant made a call to Ali from any particular phone.  Indeed, it is entirely possible the transaction that Ali arranged with the defendant could have been redirected for completion at Fruth Pharmacy in the course of calls made by Ali to the defendant.

The defendant also asserts a lack of evidence showing that Ali called Columbus, Ohio, to obtain from Ali's cell phone located there the cell phone number of the defendant.  How Ali obtained the defendant's cell phone number is of little moment.  The more important fact is that Ali had the defendant's cell phone number and dialed it several times during the critical period on June 29, 2006, when Ali called the defendant's cell phone number eight times between 7:39 and 8:24 p.m.[1]

The court concludes that the grounds set forth in the defendant's motion to reconsider do not warrant a different result with respect to the defendant's motion to suppress than the denial decreed in the court's order of November 1, 2006.  In addition,

---

[1] The cell phone records for Ali's Columbus cell phone (614-467-8289) do reflect a call on June 29, 2006, to the cell phone of Officer McDaniel (304-741-7397); but a more detailed record furnished post-hearing by the government on January 23, 2007, which is hereby ORDERED filed, shows that call was not placed on June 29th until 8:40 p.m., being after the defendant's arrest.

3

the court notes that the defendant has filed a document on December 11, 2006, entitled Additional Grounds in Support of Defendant's Motion to Dismiss for Outrageous Governmental Conduct. The court, in footnote 1 of its order denying the first motion to dismiss by the defendant, noted that it would treat the "Additional Grounds" document as Motion to Dismiss II.  That motion is based primarily on the same grounds as have been dealt with in the above motion to reconsider.  The court denies Motion to Dismiss II for the reasons set forth above, noting that the remaining grounds set forth in Motion to Dismiss II as well as what the court denominates as Motion to Dismiss III are meritless. (It is noted that Motion to Dismiss III is actually entitled Motion to Dismiss Second Superceding Indictment . . . for Prosecutorial Misconduct in the Presentation of False and Misleading Testimony to the Grand Jury, and for Failure to Present Exculpatory Testimony to the Grand Jury, filed December 17, 2006.)

The court further observes that the defendant attached to his first motion to dismiss, entitled Motion to Dismiss Indictment for Outrageous Governmental Conduct, filed on November 3, 2006, an interview by defendant's private investigator, Donald Ray Venatter, of Michael Christian, an inmate who said he had been incarcerated at the same time and place as Yusuf Ali.  In that

interview Christian relates that Ali confided in him that Ali had someone borrow the defendant's vehicle and, without the knowledge of the defendant, place in it the cocaine that was found in the trunk when the defendant was arrested on June 29.  Christian was, at the defendant's request, brought to the courthouse on a writ of habeas corpus ad testificandum issued for Christian's appearance at the trial in this case that had been scheduled for January 22, 2007, but was continued to January 29, 2007, in order to allow the hearing to proceed on January 22, 2007.  Christian was available to the defendant not only to speak to defense counsel during a recess in the hearing on January 22, 2007, but to testify as well.  The defendant chose not to call him notwithstanding the court's invitation that he may do so.

It is, accordingly, ORDERED that the motion to reconsider the court's order of November 1, 2006, denying the motion to suppress be, and it hereby is, denied.  It is further ORDERED that Motions to Dismiss II and III, be, and each hereby is, denied.

The Clerk is directed to forward copies of this written opinion and order to the defendant and all counsel of record.

DATED: January 24, 2007

John T. Copenhaver, Jr.
United States District Judge

5