IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**UNITED STATES OF AMERICA**

v.                                                        **Criminal No. 2:06-cr-00163**

**ANTWONNE D. WHITE**

### MEMORANDUM OF DEFENDANT REGARDING
### ELIGIBILITY FOR REDUCED SENTENCE UNDER FIRST STEP ACT

Comes now the defendant, Antwonne D. White ("White") by his counsel, and provides the following response as requested by the Court in its Order entered February 4, 2019, that counsel "determine whether the defendant may qualify to seek reduction of sentence . . . in accordance with Section 404 of the First Step Act of 2018." Dkt. No. 276 at 1.[1]

On January 29, 2007, White pled guilty to one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). On July 11, 2007, White was sentenced to 240 months in prison, to be followed by a three-year term of supervised release. On June 27, 2014, this Court reduced White's term of imprisonment to 210 months. He is currently incarcerated, with a projected release date of November 14, 2021.

---

[1] To the extent that White's *pro se* motion seeks relief under any other portion of the First Step Act on claims beyond the scope of undersigned counsel's appointment, nothing in this memorandum is intended to waive those claims.

The First Step Act became law on December 21, 2018. Section 404(b) the Act states that a "court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Under Section 404(a) of the Act, a "covered offense" is a "violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." The Fair Sentencing Act "increased the drug amounts triggering mandatory minimums for crack trafficking offenses from 5 grams to 28 grams in respect to the 5–year minimum and from 50 grams to 280 grams in respect to the 10–year minimum (while leaving powder at 500 grams and 5,000 grams respectively)," which "had the effect of lowering the 100-to-1 crack-to-powder ratio to 18-to-1." *Dorsey v. United States*, 567 U.S. 260, 269 (2012).

In order to be eligible for a reduced sentence under the Act, a defendant must have (1) been sentenced before August 3, 2010 and (2) been convicted of an offense involving crack cocaine under a statute which was amended by the Fair Sentencing Act. White's offense of conviction was for possessing cocaine with the intent to distribute it and was not sustained under a statute modified by the Fair Sentencing Act. Therefore, counsel reluctantly concedes that White is not eligible to receive a reduced sentence in this case.

Date:   May 23, 2019.                           Respectfully submitted,

                                                **ANTWONNE D. WHITE**

                                                By Counsel

**BRRIAN J. KORNBRATH**
**ACTING FEDERAL PUBLIC DEFENDER**

<u>**s/Jonathan D. Byrne**</u>
Jonathan D. Byrne, WV Bar No. 8059
Assistant Federal Public Defender
Office of the Federal Public Defender
300 Virginia Street, East, Room 3400
Charleston, WV 25301
Telephone: (304) 347-3350
Facsimile: (304) 347-3356
E-mail: jonathan_byrne@fd.org