

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA

                          Judge Copenhaver, JR

Vs.

                          Crim. No. 2:06-00163

ANTWONNE WHITE

MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 USCS § 3582(c)(1)(A)(i), MODIFIED BY THE FIRST STEP ACT

Comes Now, Movant, ANTWONNE White, Pro-se, respectfully files his motion for compassionate release pursuant to Title 18 of the United States Codes subsection 3582(c)(1)(A)(i), as amended by the First Step Act of 2018.

Procedural Background:

Movant writes for parties already familiar with the facts of his case, so he will offer some procedural history but limited. On January 29, 2007, movant pleaded guilty in the United States District Court for the Southern District of West Virginia to two counts of possession with the intent to district Cocaine in vio-

lation of 21 U.S.C. § 841(a)(1). United States v. White No. 2:06-cr-00163 (S.D.W.Va. Jan 29, 2007). On July 24, 2007, movant was sentenced to a term of 240 months imprisonment. Id. (July 24, 2007). Movant subsequently filed a Notice of Appeal to United States Court of Appeals for the Fourth Circuit, which affirmed movant's conviction and sentence on December 12, 2008.

## Ground One

Movant is being housed at FCI Butner II, and is a 54 years old African American male who is vulnerable to the Coronavirus (COVID 19) due to his cronic respiratory illness (asthma) diabetes, heart disease (only 25%) functional, and high blood pressure, which all is addressed under the Center for Disease control and prevention (CDC) guidelines. Movant has not had any infractions in the last 18 months, his pattern score is at low risk. The state in which he would be paroled to has under went the required "Stay at Home" procedures and is now recovering. The chances of him contracting the Coronavirus (COVID 19) is much greater if left in the Butner, II prison institution, due to the lack of testing kits and personal protective gear for staff members and inmate population alike. Movant has resident and gainful employment should the government reopen.

In conclusion, movant has underwent quarantine for over 14 days and will further do so, if released per CDC regulations.

WHEREFORE, Extraordinary Circumstances exist, movant prays that this Honorable court grant his motion for Compassionate Release pursuant to Title 18 of the United States codes subsection 3582(c)(1)(A)(i), in conjunction with Section 603 of the First Step Act's modification of 18 USCS § 3621(c)(i), in the alternative, whatever this court deem appropriate.

### Certificate of Service

I, Antwonne White, Pro-se, do hereby certify that the motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), will be sent to the clerk of courts for the Southern District of West Virginia, by placing the same in the United States mail, first class in North Carolina, addressed to the following:



**U.S. Department of Justice**

Federal Bureau of Prisons

*Federal Correctional Complex*
*Federal Correctional Institution II*

*P.O. Box 1500*
*Butner, NC 27509*

---

DATE: March 24, 2020

REPLY TO
ATTN OF: D. Leu, Warden
FCI Butner II, North Carolina

TO: WHITE, Antwonne Demarlone
Register No.: 08045-088

SUBJECT: Reduction in Sentence-Debilitated Medical Condition

This memorandum is in response to your Inmate Request to Staff dated, September 7, 2019, in which you request to be considered for a reduction in sentence under debilitated medical condition criteria.

At this time, you do not meet the guidelines outlined in Program Statement 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U. S. C. 3582(c) (1) (A) and 4205(g), Section 3b., Debilitated Medical Condition. The physician acknowledges you have medical conditions. However, your conditions do not meet the requirements for debilitated medical conditions. Therefore, you are not a candidate for a reduction in sentence.

At present, you are receiving appropriate medical care and treatment by Health Services staff. We are committed to providing you with the necessary and appropriate care for your medical needs.

*[handwritten: this is where the Warden denied me]*

# FEDERAL PUBLIC DEFENDER
## SOUTHERN DISTRICT OF WEST VIRGINIA

*Federal Public Defender*
**WESLEY P. PAGE**

*First Assistant Federal Public Defender*
**DAVID R. BUNGARD**

*Senior Litigator*
**LEX A. COLEMAN**

ROOM 3400, UNITED STATES COURTHOUSE
300 VIRGINIA STREET, EAST
CHARLESTON, WEST VIRGINIA 25301-2523
*Phone*: (304) 347-3350
*Fax*: (304) 347-3356
*Website*: http://wvs.fd.org

*Assistant Federal Public Defenders*
**JONATHAN D. BYRNE**
**RHETT H. JOHNSON**
**RACHEL E. ZIMAROWSKI**
**LORENA E. LITTEN**

May 20, 2020

Antwonne D. White
Register No. 08045-088
FCI Butner Medium II
P.O. Box 1500
Butner, NC  27509

Dear Mr. White:

    Pursuant to your request, we filed a Notice of Appeal on your behalf in your First Step Act case. I have enclosed the notice for your records. The case will now move to the Fourth Circuit Court of Appeals where you will be responsible for representing yourself unless the court appoints counsel to represent you. You should receive a packet soon from the Fourth Circuit that will include instructions on how to file an informal brief in your appeal, as well as the form for doing so.

    In response to your voice mail of May 15, 2020 regarding compassionate release, our office can only represent you in such proceedings if the district court appoints us to do so (our other appointment under the First Step Act was limited to the retroactive application of the Fair Sentencing Act of 2010). Since the warden has already turned down your request for compassionate release, you will need to file a motion with the district court asking for that relief and asking that counsel be appointed to assist you. In that motion, you should include all the details about your request to the warden and his rejection (include documentation if you have any), as well as any information about your current health and medical conditions. Having that information in the initial motion will make the court's consideration of the motion go more quickly.

Sincerely,

Jonathan D. Byrne
Assistant Federal Public Defender

JDB/klg
Enclosure